USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
WADELL SMITH,  :            MEMORANDUM
:            OPINION AND ORDER
      Petitioner,
:            04 Civ. 4356 (SAS)
  - against -
:
D. LACLAIR, Superintendent, Upstate
Correctional Facility,  :

:
      Respondent.  :
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

    Wadell Smith ("Smith" or "petitioner"), proceeding pro se, brings a petition under 28 U.S.C. § 2254 ("section 2254") to challenge his state-court conviction for four counts of Robbery in the First Degree,[1] two counts of Robbery in the Second Degree,[2] one count of Criminal Possession of a Weapon in the Second Degree,[3] and one count of Criminal Possession of a Weapon in the Third Degree.[4] Smith was sentenced as a persistent violent felony offender to concurrent

---

[1]  *See* New York Penal Law § 160.15.

[2]  *See id.* § 160.10.

[3]  *See id.* § 265.03.

[4]  *See id.* § 265.02.

prison terms amounting to twenty-two years to life imprisonment. In his Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"), Smith claims that: (1) his due process rights under the Fifth and Fourteenth Amendments were violated by Justice Bonnie Wittner's failure to conduct an evidentiary hearing in accordance with section 30.30 of the New York Criminal Procedure Law ("CPL § 30.30");[5] (2) the People of the State of New York (the "People") violated the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and (3) the People violated Rule 48(b) of the Federal Rules of Criminal

---

[5] According to CPL § 30.30, a motion to dismiss "must be granted where the people are not ready for trial within . . . six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." NY CPL § 30.30(1)(a). Furthermore, a defendant in custody "must be released on bail or on his own recognizance, upon such conditions as may be just and reasonable, if the people are not ready for trial in that criminal action within . . . ninety days from the commencement of his commitment to the custody of the sheriff in a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a felony." *Id.* § 30.30(2)(a).

"Upon a showing by a preponderance of the evidence that the People were not ready for trial within six months of the commencement of a criminal proceeding . . ., an indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (CPL 30.30, subd. 4)." *People v. Del Valle*, 406 N.Y.S.2d 642, 643 (4th Dep't 1978). Before denying a motion to dismiss pursuant to CPL § 30.30, a court must hold an evidentiary or "computational" hearing in order to make findings concerning statutory periods of exclusion. *See id.* (directing trial court on remand to conduct a hearing and make appropriate findings in accordance with subdivision 4 of CPL § 30.30).

2

Procedure.[6] The second and third claims can be summarily dismissed as petitioner has now acknowledged that Rule 48(b) and 18 U.S.C. § 3161 are not applicable to his case.[7]

After being assigned to this Court, the petition was referred to Magistrate Judge Frank Maas for the purpose of issuing a Report and Recommendation ("R&R" or the "Report"). Judge Maas issued a Report, dated March 13, 2006, in which he recommends that the Petition be denied without the issuance of a certificate of appealability. Petitioner filed his Objections shortly thereafter. At the direction of this Court, respondent recently filed a response to

---

[6] Smith also claims that Justice Wittner's refusal to hold an evidentiary hearing denied him the speedy and public trial guaranteed by the Sixth Amendment to the United States Constitution. *See* Petition ¶ 13 ("[O]n July 25, 2000, the Hon. Judge Bonnie Wittner refused to conduct a[n] evidentiary hearing to ascertain the facts of defendant's allegations and in doing so the Hon. Judge Bonnie Witten [sic] denied this defendant [the] right to a speedy and public trial which is offered as a guarantee under the 6 Amend. of the U.S.C.A."). The Magistrate Judge interpreted this as raising a speedy trial claim under the Sixth Amendment separate and independent from any claims resulting from the failure to hold an evidentiary hearing. *See* R&R at 11 ("Smith also claims that his Sixth Amendment right to a speedy trial was violated."). This interpretation is reasonable given that a pro se plaintiff's papers should be interpreted "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quotation marks and citation omitted).

[7] *See* General Traverse in Opposition to Report and Recommendation of Magistrate Judge to the Honorable Shira A. Scheindlin ("Objections") at 16.

3

petitioner's Objections.[8] At present, there is insufficient evidence to rule on petitioner's Sixth Amendment speedy trial claim. Accordingly, an evidentiary hearing has been scheduled for April 30, 2008, in which Smith will be represented by counsel.

## II. BACKGROUND[9]

On July 31, 1998, Smith and a co-defendant, Garney Hayes, were arrested after they robbed Carlington Laing at gunpoint, taking his cash and drugs.[10] Smith and Hayes were arraigned on a felony complaint on August 2,

---

[8] *See* Respondent's Reply to Petitioner's Objections to the Report and Recommendation ("Response"). In a letter dated February 22, 2008, petitioner objects to respondent's Response as untimely and asks the Court to declare it "null and void." Without addressing the validity of petitioner's argument, I need not rely on the Response in light of the rulings made herein.

[9] The following facts are taken from the Report. In the factual recitation portion of the Report, however, the Magistrate Judge relied upon the state-court appellate briefs as the state trial transcripts were not available to him. *See* 12/14/04 Letter from Assistant Attorney General Danielle L. Attias at 1 (stating that "after an extensive search, petitioner's transcripts cannot be located"). Petitioner objects to the use of appellate briefs "because the briefs do not explain or justify any excludable or includable adjournments in the meaning of C.P.L. § 30.30-4 and the matter must be remitted for a hearing and appropriate findings." Objections at 3. Petitioner later concedes that "it may be to[o] late to conduct the required hearing being that the transcripts of each adjournment date, which holds that "reasons" for the prosecutorial hiatus, [are] lost." *Id.* at 18.

[10] At the time of the robbery, Laing was selling marijuana in the vicinity of 429 Lenox Avenue in Harlem.

4

1998, and were indicted on August 12, 1998. On May 5, 1999, Hayes' attorney moved for the release of his client pursuant to the speedy trial requirements of CPL § 30.30. Thereafter, Hayes was released on his own recognizance following the People's admission that more than ninety days of chargeable time had elapsed.[11] Smith's attorney did not join in co-counsel's motion, nor did he adopt Smith's pro se motion seeking relief under CPL § 30.30. Smith was therefore assigned a new attorney who filed a speedy trial motion on May 8, 2000. This motion resulted in Smith's release on his own recognizance on July 25, 2000, but did not result in the dismissal of the Indictment.

Smith's jury trial began on August 7, 2000, approximately two years after his arraignment. On August 15, 2000, the jury found Smith guilty of four counts of Robbery in the First Degree, two counts of Robbery in the Second Degree, and Criminal Possession of a Weapon in the Second and Third Degrees. On September 25, 2000, Smith was sentenced as a persistent violent felony offender to twenty-two years to life in prison. With the assistance of counsel,

---

[11] On May 12, 1999, the People verbally conceded that more than ninety days of chargeable time had elapsed. *See* Brief for Respondent, Ex. C to the Declaration of Danielle L. Attias, Assistant Attorney General, in Opposition to Petition for a Writ of Habeas Corpus ("Attias Decl."), at 42. More specifically, Justice Wittner found that 97 days had elapsed by the date of Smith's motion to dismiss. *See id.* at 43.

Smith appealed his conviction to the Appellate Division, First Department.[12] As part of his appeal, Smith submitted a pro se supplemental brief in which he asserted, *inter alia*, that he was denied his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution.[13] The First Department unanimously affirmed Smith's conviction, stating that: "We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief."[14] Although Smith sought leave to appeal to the New York Court of Appeals, his application was denied on May 12, 2003.[15] The instant petition timely followed on March 25, 2004.

---

[12] The following issues were raised on appeal by Smith's appellate counsel: (1) whether the court committed error in disallowing Smith's use of peremptory strikes to disqualify two white, male jurors after the People raised a reverse *Batson* challenge; (2) whether Smith was deprived of due process and his right to submit a defense when his trial attorney was precluded from eliciting certain testimony concerning fingerprint analysis; and (3) whether his third degree weapons charge should have been dismissed in the interest of justice. Smith's appellate attorney did not raise a Sixth Amendment speedy trial claim or challenge the lower court's disposition of Smith's motion to dismiss the indictment pursuant to CPL § 30.30.

[13] *See* Appellant's Supplemental Brief, Ex. B to the Attias Decl., at 4. Petitioner also claimed that the trial court committed reversible error "when it did not provide conclusive proof of sufficient excludable time by calculating all adjournments according to the law in a complete hearing[.]" *Id.* at 1.

[14] *People v. Smith*, 755 N.Y.S.2d 600 (1st Dep't 2003).

[15] *See People v. Smith*, 100 N.Y.2d 543 (2003).

6

## III. LEGAL STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA provides that a federal court can grant a writ of habeas corpus to a state prisoner only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[16] As explained by the Supreme Court, a state-court decision is "contrary to" clearly established federal law in the following instances:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.[17]

With regard to the "unreasonable application" prong, the Supreme Court has stated that

> a state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of

---

[16] 28 U.S.C. § 2254(d)(1).

[17] *Williams v. Taylor,* 529 U.S. 362, 405 (2000).

7

the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.[18]

In order for a federal court to find a state court's application of Supreme Court precedent to be unreasonable, the state court's decision must have been more than incorrect or erroneous: "[t]he state court's application of clearly established law must be objectively unreasonable."[19] This standard "'falls somewhere between merely erroneous and unreasonable to all reasonable jurists.'"[20] While the test requires "'[s]ome increment of incorrectness beyond error, . . . the increment need not be great; otherwise *habeas* relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'"[21] Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-

---

[18] *Id.* at 407.

[19] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). *Accord Williams*, 529 U.S. at 409; *Harris v. Kuhlman*, 346 F.3d 330, 344 (2d Cir. 2003).

[20] *Overton v. Newton*, 295 F.3d 270, 276 (2d Cir. 2002) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)).

[21] *Id.* (quoting *Francis v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (emphasis in original)).

court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."[22]

## IV. DISCUSSION

### A. Due Process Claim

In his Report, the Magistrate Judge concluded that Smith's due process rights were not violated by the trial court's failure to conduct an evidentiary hearing in accordance with CPL § 30.30.[23] The Magistrate Judge based this conclusion on the fact that Smith never requested an evidentiary hearing in the two pro se motions he brought under CPL § 30.30,[24] nor was a hearing requested by his second court-appointed attorney in the motion he filed pursuant to CPL § 30.30.[25] In his Objections, petitioner claims that his trial attorney did request an evidentiary hearing in the sixth, ninth and twelfth paragraphs of his attorney's Affirmation in Support of Omnibus motion.[26]

---

[22] *Williams*, 529 U.S. at 411.

[23] *See* R&R at 11.

[24] *See* Notice of Motion for Order Releasing Defendant Upon Failure of Timely Disposition of Felony Complaint, Ex. F to the Petition, and Notice of Motion to Set Aside Verdict and For New Trial Pursuant to C.P.L. 330.30, Ex. G to the Petition.

[25] *See* Notice of Motion filed by Eric S. Orzick, Esq., Ex. D to the Petition.

[26] *See* Objections at 12.

9

Whether an evidentiary hearing was requested or not is irrelevant because a violation of a state statute such as CPL § 30.30 is not cognizable on federal habeas review. "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violated the Constitution, laws, or treaties of the United States."[27] "C.P.L. § 30.30 sets forth a statutory time frame in which the People of the State of New York must be ready for trial; Section 30.30 is not, as such, a statutory embodiment of the constitutional guarantee to a speedy trial."[28] "Because C.P.L. § 30.30 is merely a state law provision requiring the prosecution to be ready for trial, a § 30.30 claim does not raise a federal constitutional claim."[29] Thus, even if the trial court violated CPL §

---

[27] *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

[28] *Smith v. Murray*, No. 03-CV-6553L, 2007 WL 2581687, at *6 (W.D.N.Y. Sept. 5, 2007). *Accord Gibriano v. Attorney General of the State of New York*, 965 F. Supp. 489, 491-92 (S.D.N.Y. 1997) (denying habeas relief and noting that "Section 30.30 [of the New York Criminal Procedure Law] is as statutory time frame in which the People of New York must be ready for trial; Section 30.30 is not, as such, a statutory embodiment of the constitutional guarantee to a speedy trial.").

[29] *Cadilla v. Johnson*, 119 F. Supp. 2d 366, 374 (S.D.N.Y. 2000). *Accord Singh v. Fischer*, No. 03-CV-4128, 2004 WL 2999106, at *4, n.4 (E.D.N.Y. Dec. 29, 2004) ("Singh's claim that the state court erred in its decision regarding his speedy trial rights under New York state law is not cognizable on [federal] habeas review."); *Wilson v. Goord*, No. 00 Civ. 4849, 2004 WL 226149, at *4 (S.D.N.Y. Feb. 6, 2004) ("[E]ven if Petitioner's statutory speedy trial right was violated,

30.30 by failing to hold an evidentiary hearing, such failure cannot support a due process claim in a federal habeas proceeding.[30] Accordingly, Smith's due process claim – which is premised on the failure of the state court to conduct an evidentiary hearing – must be dismissed.

### B. Sixth Amendment Speedy Trial Claim

The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution which is imposed on the States through the Due Process Clause of the Fourteenth Amendment.[31] While the States "are free to prescribe a reasonable period consistent with constitutional standards," the Sixth Amendment speedy trial right cannot be quantified into a specific number of days or months.[32] Rather, speedy trial cases must be approached on an

---

Petitioner has failed to raise a constitutional claim that is cognizable on federal habeas corpus review."); *Rodriguez v. Miller*, No. 96 Civ. 4723, 1997 WL 599388, at *2 (S.D.N.Y. Sept. 29, 1997) ("[A] C.P.L. § 30.30 claim has been held not to raise the federal constitutional speedy trial claim for purposes of a federal habeas petition.").

[30] The above-cited cases stand for the proposition that a state court's failure to adhere to the technical requirements of a state statute, by itself, cannot support a grant of federal habeas relief. This does not mean that the length and reasons for the delay in bringing a defendant to trial become constitutionally irrelevant. As discussed below, the length and reasons for such delay are indeed relevant to a speedy trial analysis under the Sixth Amendment.

[31] *See Barker v. Wingo*, 407 U.S. 514, 515, n.2 (1972).

[32] *Id.* at 523.

ad hoc basis using a balancing test which incorporates the following four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."[33] With regard to these factors, the Supreme Court has stated:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.[34]

Finally, where a defendant has been deprived of the right to a speedy trial, dismissal of the indictment is the only remedy.[35]

With regard to the length of the delay, the Magistrate Judge noted that "more than two years elapsed between Smith's arrest and the commencement of his trial."[36] The Magistrate Judge then cited *United States v. Vasquez* as an example where the Second Circuit declined to find a speedy trial violation for a

---

[33] *Id.* at 530.

[34] *Id.* at 533.

[35] *See id.* at 522.

[36] R&R at 12.

comparable delay (twenty-six months) in a case involving the sale of narcotics.[37] Without deciding in whose favor the first *Barker* factor tips, the Magistrate Judge stated that "'the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.'"[38]

The Magistrate Judge found, however, that the second *Barker* factor – the reason for the delay – "does not tip decidedly in either side's favor [as] it is clear that both the prosecution and the defense share the blame for the pretrial delays in this case."[39] In reaching this conclusion, the Magistrate Judge noted that Smith claimed that the People were responsible for 331 days of delay while the respondent asserted that only 159 days were chargeable to the prosecution.[40] This latter period of 159 days was, however, the People's position on Smith's direct appeal.[41] It appears that in opposing Smith's habeas petition, respondent has changed his position when stating that "approximately 376 days of the overall

---

[37] *See id.* (citing *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990)).

[38] *Id.* at 13 (quoting *Barker*, 407 U.S. at 531).

[39] *Id.*

[40] *See id.* (citing Appellant's Supplemental Brief, Ex. B to the Attias Decl., at 17-24 and Brief for Respondent, Ex. C to the Attias Decl., at 55).

[41] *See* Brief for Respondent, Ex. C to the Attias Decl., at 55 ("The total period of chargeable time thus remained at 159 days.").

twenty-one month delay were directly attributable to petitioner."[42] If 376 days are chargeable to petitioner out of a period of approximately 630 days (21 months x 30 days per month), presumably the remaining number of days, 254 days or approximately eight and one-half months, is chargeable to the People.

In short, this Court is unclear as to the actual number of days chargeable to the People, or the reasons proffered by the People for the delays for which it was responsible. Therefore, at this time, the Court cannot adequately analyze the first and second *Barker* factors.[43] In an attempt to get more accurate information, Smith will be appointed an attorney to represent him henceforth in these proceedings.[44]

---

[42] *See* Memorandum in Opposition to Petition for a Writ of Habeas Corpus at 19. Respondent measures the delay from August 2, 1998, the date of arraignment, to May 12, 2000, even though the trial did not commence until August 7, 2000. *See id.* at 18. The significance of May 12, 2000 is unclear to this Court.

[43] I agree with the Magistrate Judge that the third *Barker* factor weighs in Smith's favor "because he asked the court on multiple occasions to dismiss the indictment against him on speedy trial grounds." R&R at 13. With regard to this third factor, defendant's assertion of his speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32.

[44] Smith's court-appointed attorney and respondent's counsel are urged to confer as soon as practicable and determine, to the best of their ability, which periods of time are includable and which periods are excludable in computing the length of delay attributable to the People. As a starting point, counsel should reconcile the time periods described in the People's appellate brief, *see* Ex. C to

14

Smith's court-appointed attorney will also assist the Court in assessing the degree of prejudice suffered by Smith, the fourth *Barker* factor. In analyzing prejudice, courts should consider the following interests protected by the speedy trial right: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused;" and (iii) to limit the possibility that the defense will be impaired."[45] The Magistrate Judge found that Smith had not made a substantial showing of prejudice.[46] Although Smith claimed that his wife divorced him because of his continued incarceration and that he lost his job as a shipper for the same reason, the Magistrate Judge discounted these allegations because "Smith has not demonstrated any causal relationship between these events and the trial delays." The Magistrate Judge also noted that Smith offered no details in support of his "conclusory assertions" that his defense was impaired by his inability to gather exculpatory evidence and the dimming of witnesses'

---

the Attias Decl., with the time periods described in the motion filed by Smith's trial attorney, Eric Orzick, *see* Ex. D to the Petition. This joint reconciliation will limit the number of disputed time periods in need of judicial resolution.

[45] *Barker*, 407 U.S. at 532.

[46] *See* R&R at 14. The Magistrate Judge held that in the absence of any real showing of prejudice, Smith cannot show that the Appellate Division's rejection of his speedy trial claim was objectively unreasonable. *See id.* at 15.

memories.[47] Because the impairment of the ability to mount a defense is so serious a concern,[48] assistance from counsel in how Smith's defense may have been affected by the delay would be most helpful.

## V. CONCLUSION

The only issue raised in petitioner's Objections that has potential merit is whether petitioner's speedy trial rights under the Sixth Amendment have been violated. If so, the Appellate Division's decision denying petitioner's speedy trial claim would constitute an unreasonable application of federal law which would warrant dismissal of the Indictment. An evidentiary hearing will be held to address the People's delay in bringing defendant to trial as well as the degree of prejudice suffered by petitioner as a result of that delay. Accordingly, Jeffrey G. Pittell is hereby appointed under the Criminal Justice Act ("CJA"), in the interest

---

[47] *Id.* at 14-15. In his Objections, Smith claims that he provided specific details concerning the dimming of witness' memories in his "Supplemental and Affirmation to Release in Civil Case No. 4356 (SAS) Pursuant to Federal Rules of Civil Procedure 23c." Objections at 15-16. However, a review of the earlier submissions fails to reveal evidence of prejudice. Nonetheless, it may be that with the assistance of counsel the petitioner will be able to present specific evidence demonstrating prejudice.

[48] *See Barker*, 407 U.S. at 532 (finding the last right to be the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system").

16

of justice, to represent petitioner henceforth in these proceedings.[49] An evidentiary hearing is scheduled for April 30, 2008 at 2:30 p.m. Respondent's counsel is directed to writ petitioner into federal custody as soon as possible so that he may confer with his court-appointed attorney forthwith.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 17 , 2008

---

[49] Pittell's name was taken from the list of attorneys on this Court's CJA habeas panel.

## - Appearances -

**Petitioner (Pro Se):**

Wadell Smith
# 00-A-5783
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

**Court-Appointed Counsel:**

Jeffrey G. Pittell, Esq.
299 East Shore Road
Great Neck, NY 11023
(516) 829-2299

**For Respondent:**

Alyson J. Gill
Leilani Rodriguez
Assistant Attorneys General
120 Broadway
New York, NY 10271
(212) 416-6037/8871